UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| G.G., by and through his grandmother and guardian, A.G.; A.M., by and through her parent and guardian, L.M.; and DISABILITY RIGHTS WASHINGTON, a nonprofit membership organization for the federally mandated Protection and Advocacy Systems,<br><br>               Plaintiff,<br>   v.<br><br>JILMA MENESES, in her official capacity as Acting Secretary of the Washington State Department of Health and Human Services; and SUSAN BIRCH, in her official capacity as Director of the Washington State Health Care Authority,<br><br>               Defendant. | CASE NO. 3:22-cv-05651-RJB<br><br>ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION |

      This matter comes before the Court on the Plaintiffs' Motion for Preliminary Injunction. Dkt. 14. The Court has considered the pleadings filed regarding the motion and the remaining record. While the Defendants filed a Notice of Intent to File Surreply by November 2, 2022, consideration of additional briefing is unnecessary to decide this motion.

ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 1

1    The Plaintiffs in this case seek declaratory and injunctive relief regarding The Rainier School ("Rainier"), a state-run, residential facility for people with intellectual and developmental disabilities. Dkt. 1. The Plaintiffs contend that it is a dangerous place to live and fails to provide for the health and safety of its residents. *Id.*

   On September 29, 2022, the Defendants moved to dismiss the case. Dkt. 11. That same day, the Plaintiffs moved for a preliminary injunction. Dkt. 14. The motion to dismiss was noted for October 21, 2022 and the motion for preliminary injunction was noted for consideration on October 28, 2022. *Id.*

   On November 1, 2022, the Defendants' motion to dismiss Plaintiff G.G. for lack of standing was granted and his claims were dismissed. Dkt. 72. To the extent that Plaintiff Disability Rights Washington asserted associational standing for all residents at Rainier (except for those that live at Klamath Cottage or Naches Cottage (collectively "cottages")), the Defendants' motion to dismiss Disability Rights Washington's claims were dismissed for lack of standing. *Id.* Further, the Plaintiffs' claims for violations of their Fourteenth Amendment rights and claims for violations of the Washington Law Against Discrimination were also dismissed. *Id.* Accordingly, only Plaintiff A.M.'s and the other residents of the cottages' (who are represented by Plaintiff Disability Rights Washington) claims for violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et. seq.* and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et. seq.* remain for purposes of the pending motion for preliminary injunction.

   To the extent the parties again raise issues related to standing or for failure to state a claim in the briefing on this motion for preliminary injunction, the October 31, 2022 Order on Defendants' Motion to Dismiss (Dkt. ) addresses these issues and those rulings are adopted here.

To the extent that the parties who do not have standing seek a preliminary injunction or to the extent that an injunction is sought on claims that have been dismissed, the motion for preliminary injunction (Dkt. 14) should be denied.

## **DISCUSSION**

In their motion for Preliminary Injunction, the remaining Plaintiffs move for the following relief as it relates to the residents of the cottages: (1) an injunction ordered the Defendants to cease all admissions to the cottages and (2) "an injunction ordering Defendants to, as soon as the court deems practicable, discharge Plaintiff A.M. from Rainier School to a service setting that meets her assessed needs and is aligned with her expressed desires for location and setting." Dkt. 14.

### A.  STANDARD

Plaintiffs seeking a preliminary injunction must establish one of two tests. *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017). The first test requires plaintiffs to show: (1) that they are "likely to succeed on the merits," (2) that they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Coffman v. Queen of Valley Med. Ctr.*, 895 F.3d 717, 725 (9th Cir. 2018)(*citing Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7 (2008) (*internal quotation marks omitted*)). Under the second variant of the 9th Circuit's test for a preliminary injunction, the "sliding scale" version of the *Winter* standard, "if a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *All. for the Wild Rockies*, at 1217 (*internal quotation marks and citations omitted*).

### B. MOTION FOR PRELIMINARY INJUNCTION

1. <u>Whether Plaintiffs are Likely to Succeed on the Merits or Serious Questions Going to the Merits</u>

Plaintiff A.M. and Plaintiff Disability Rights Washington's (for the other cottage residents) remaining claims are for violations of their rights under the ADA and RA. The October 31, 2022 Order provides the requirements for claims under these statutes. For ease of reference, those requirements are repeated here.

Title II of the ADA provides, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the RA "similarly prohibits disability discrimination by recipients of federal funds." *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 737 (9th Cir. 2021). Title II of the ADA and the RA "are interpreted coextensively because there is no significant difference in the analysis of rights and obligations created by the two Acts" aside from the RA's requirement that the program receive federal funds, which is not at issue here. *Id.*

To prove a violation of Title II of the ADA or of the RA, a plaintiff must show that: (1) they are a "qualified individual with a disability"; (2) they were "either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (3) "such exclusion, denial of benefits, or discrimination was by reason of [their] disability." *Duvall v. County of Kitsap,* 260 F.3d 1124, 1135 (9th Cir. 2001) (citing *Weinreich v. Los Angeles County Metropolitan Transp. Auth.,* 114 F.3d 976, 978 (9th Cir. 1997)).

Parties do not dispute that Plaintiff A.M. and the other cottage residents are "qualified individual[s] with a disability." The first element of a claim under both the ADA and RA are met.

The second element, requires that the Plaintiffs point to evidence that the Defendants denied or excluded A.M. and the other cottage residents from medical care or other benefit. The parties do not dispute that the residents at the cottages (including A.M.) do not have the benefit of federal oversight that residents of the other units of Rainier do. The Defendants point out that the cottages are not required to be under federal oversight because they do not receive federal funds and maintain that the cottages are under extensive state regulation. Dkt. 24. The Plaintiffs do not point to any authority which supports their theory that a lack of federal oversight when there is state regulation is a "denial of a benefit."

Further, the Plaintiffs have failed to point to any competent evidence to support their assertion that the cottage residents have been excluded from or denied medical care or other treatment services that are offered at Rainier to residents of other units. In support of their motion for preliminary injunction, the Plaintiffs point to the Declaration of Sue A. Gant, Ph.D. Dkt. 15. She opines that "it is unlikely that the dangerous conditions in medical care and behavior health supports that have been documented in [other units] at Rainier School do not also exist for the residents of [the cottages]." Dkt. 15 at 30. Her opinion on this issue is not sufficient. It is not clear that her opinion is based on "sufficient facts or data" as required by Fed. R. Ev. 702(b). At a minimum, her opinion should not be afforded much weight.

The Plaintiffs have failed to make an adequate showing on the second element for a claim under the ADA or RA, exclusion or discrimination. This opinion need not analyze the third element.

ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 5

At this stage in the litigation, the Plaintiffs have failed to show a likelihood of success on the merits or that there are serious questions going to the merits.

2. <u>Whether Plaintiffs will Suffer Irreparable Harm Absent Relief</u>

Further, the Plaintiffs have not shown irreparable harm absent relief the Court granting the first portion of the relief they seek. The first portion of relief that they seek (an injunction on further admissions to the cottages) is not connected to the harms the residents of the cottages allege they are suffering. It is not yet clear that A.M.'s requested relief, that she be moved to a facility of her choice, would resolve all the emotional and psychological harms she claims. The Plaintiffs have not shown irreparable harm absent relief.

3. <u>Balance of Equities and Public Interest</u>

At this stage in the litigation, the balance of the equities and the public interest do not favor granting the preliminary injunction.

**C.  CONCLUSION**

The motion for preliminary injunction (Dkt. 14) should be denied without prejudice. The Plaintiffs have failed to make the requisite showing.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 1st day of November, 2022.

*[signature]*

ROBERT J. BRYAN
United States District Judge