UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| A.M., by and through her parent and guardian, L.M., and DISABILITY RIGHTS WASHINGTON, a nonprofit membership organization for the federally mandated Protection and Advocacy Systems,<br><br>                Plaintiff,<br>   v.<br><br>JILMA MENESES, in her official capacity as Acting Secretary of the Washington State Department of Health and Human Services; and SUSAN BIRCH, in her official capacity as Director of the Washington State Health Care Authority,<br><br>              Defendants. | CASE NO. 3:22-cv-05651-RJB<br><br>ORDER ON DEFENDANT SUSAN BIRCH'S MOTION FOR SUMMARY JUDGMENT AND ON PLAINTIFFS' MOTION TO CONTINUE |

This matter comes before the Court on Defendant Susan Birch's Motion for Summary Judgment (Dkt. 93) and the Plaintiffs' motion to continue the motion for summary judgment (Dkt. 98). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

The Plaintiffs in this case seek declaratory and injunctive relief regarding The Rainier School, a state-run, residential facility for people with intellectual and developmental disabilities. Dkt. 83.  They contend that it is a dangerous place to live and fails to provide for the health and safety of its residents.  *Id.*  The Plaintiffs bring claims for violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102, *et. seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et. seq*.  *Id.*  In addition to declaratory and injunctive relief, they seek attorneys' fees and costs.  *Id.*

On March 8, 2023, Plaintiffs served their First Interrogatories and Requests for Production on Defendant Susan Birch, sued in her official capacity as Director of the Washington State Health Care Authority.  Dkt. 99 at 1-2.  Dir. Birch responded, produced several pages of documents, and raised objections to other potions of the discovery requests.  *Id.* at 2.  Her discovery production is ongoing.  *See e.g.* Dkt. 102-1.

On April 27, 2023, Dir. Birch filed the pending motion for summary judgment on the claims brought against her.  Dkt. 93.  The Plaintiffs move to continue the motion for summary judgment until discovery is complete.  Dkt. 98.  Dir. Birch filed a reply (Dkt. 101) and the motions are ripe for decision.

## DISCUSSION

**A.  SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the

burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, which is a preponderance of the evidence in most civil cases. *Anderson* at 254; *T.W. Elect.* at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect.*, 809 F.2d at 630. Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888–89 (1990).

**B. MOTION TO CONTINUE MOTION FOR SUMMARY JUDGMENT**

Under Fed. R. Civ. P. 56(d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Although Plaintiffs have made a scant showing that they "cannot present facts essential to justify [their] opposition," Rule 56(d), it is sufficient to justify allowance of more time to complete discovery on the relevant issues.  Accordingly, Plaintiffs' motion under Rule 56(d) (Dkt. 98) should be granted and Dir. Birch's motion for summary judgment (Dkt. 93) should be stricken to be renoted, if appropriate, after discovery is complete.

**IT IS SO ORDERED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 23rd day of May, 2023.

ROBERT J. BRYAN
United States District Judge