UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DISABILITY RIGHTS WASHINGTON, a nonprofit membership organization for the federally mandated Protection and Advocacy Systems, <br><br>  Plaintiff, <br> v. <br><br> JILMA MENESES, in her official capacity as Acting Secretary of the Washington State Department of Social and Health Services; and SUSAN BIRCH, in her official capacity as Director of the Washington State Health Care Authority, <br><br> Defendants. | CASE NO. 3:22-cv-05651-RJB <br><br> ORDER ON DEFENDANT JILMA MENESES' MOTION TO COMPEL |

This matter comes before the Court on Defendant Jilma Meneses' Motion to Compel Plaintiff Disability Rights Washington to Participate in Discovery. Dkt. 123. The Court has considered the pleadings filed regarding the motion and the remaining file. It is fully advised.

For the reasons provided below, the motion to compel (Dkt. 123) should be granted, in part, and denied, in part.

ORDER ON DEFENDANT JILMA MENESES' MOTION TO COMPEL - 1

## I.  FACTS

The Plaintiff in this case seeks declaratory and injunctive relief regarding The Rainier School ("Rainier"), a state-run, residential facility for people with intellectual and developmental disabilities. Dkt. 83.  It contends that it is a dangerous place to live and fails to provide for the health and safety of its residents. *Id*.  The Plaintiff brings claims for violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102, *et. seq*., and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et. seq*. *Id*.  In addition to declaratory and injunctive relief, it seeks attorneys' fees and costs. *Id*.

According to the Amended Complaint, Plaintiff Disability Rights Washington is "the statewide protection and advocacy system designated by the Governor of the State of Washington to protect and advocate for the legal and civil rights of those residents of this state who have disabilities" pursuant to various federal and state statutes. Dkt. 83 at 4. Those statutes include the Developmental Disabilities Act, 42 U.S.C. §§ 15041-45, the Protection and Advocacy of Individuals with Mental Illness Act, 42 U.S.C. §§ 10801-51, and RCW 71A.10.080(2). The Developmental Disabilities Act includes a provision allowing advocacy organizations like Disability Rights Washington to "pursue legal, administrative, and other appropriate remedies" for people with developmental disabilities. 42 U.S.C. § 15043(a)(2)(A)(ii).  Plaintiff Disability Rights Washington was held to have associational standing to bring this lawsuit on behalf of its members - some of whom are residents at Rainier. Dkt. 82 at 10-13.

The moving party, Defendant Meneses is the Acting Secretary of the Washington State Department of Social and Health Services ("DSHS") and is sued in her official capacity.  Dkt.

83. The Amended Complaint asserts that Defendant Meneses is responsible for operating Rainier and other similar state-run facilities. *Id.*

Defendant Meneses propounded 15 interrogatories and five requests for production to the Plaintiff on May 23, 2023. Dkt. 124 at 1. She received responses on June 22, 2023 and on June 23, 2023. Dkt. 124-1 and 124-2. The Plaintiff did not produce a privilege log (Dkt. 124 at 1) despite asserting in several of its discovery responses that the information sought was protected by attorney client privilege or attorney work product (*See e.g.* Response to Interrogatories No. 2-15, Requests for Production No. 1-5; Dkt. 124-1 at 7-16). The Plaintiff also responded that the information sought was confidential under federal law, citing the Developmental Disabilities Act, 42 U.S.C. §§ 15041-45 and 45 C.F.R. § 1326.28. *See e.g.* Response to Interrogatories No. 2, 6, 7, and 10-13; and Response to Requests for Production Nos. 1-3; Dkt. 124-1 at 8, 10-16.

As required under Rule 37, the parties met and conferred regarding the Defendant's complaints about the provided discovery on August 9, 2023. Dkt. 124 at 2. They were unable to resolve the issues. *Id*. This motion (Dkt. 123) followed.

Defendant Meneses moves for an order finding that the Plaintiff's failure to provide a privilege log constitutes a waiver of privilege and an order compelling the Plaintiff to answer Defendant's interrogatories and produce documents requested by the Defendant regardless of privilege within 30-days. Dkt. 123. In the alternative, the Defendant moves the Court for an order compelling Plaintiff to answer Defendant's interrogatories and requests for production and to produce a privilege log as required by Fed. R. Civ. P. ("Rule") 26(b)(5). *Id.* The Defendant moves for an award of expenses under Rule 37 for having to file the motion. *Id.*

The Plaintiff has responded (Dkt. 129) and the Defendant has filed a reply (Dkt. 132). The motion is ripe for decision.

## II. DISCUSSION

### A. STANDARD ON DISCOVERY GENERALLY AND ON A MOTION TO COMPEL

Rule 26(b)(1) provides: "[U]nless otherwise limited by court order, the scope of discovery is as follows: parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ." "The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).

Rule 37(a)(3)(B), provides in relevant part, that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to produce documents . . . as required under Rule 34."

### B. MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

The Defendant's motion to compel the Plaintiff to more thoroughly answer her interrogatories and requests for production (Dkt. 123) should be granted. The Plaintiff's answers are boilerplate and overly broad. "Boilerplate assertions of any type, including assertions of attorney-client privilege, work product doctrine, confidentiality, etc. are improper." *See Goldwater Bank, N.A. v. Elizarov*, 2022 WL 17081192, at *2 (C.D. Cal. Sept. 21, 2022). The Plaintiff's responses should be provided within 30-days of the date of this order.

To the extent that some of the interrogatories could be considered "contention" interrogatories, and to the extent the Plaintiff asserts that they can't be fully answered until

discovery is complete, the Plaintiff should be ordered to respond based on the information it currently has, and supplement if necessary. Although the parties have received several extensions of the discovery deadline (the current deadline is September 16, 2024 (Dkt. 108)), the parties have been engaged in litigation for over a year. The discovery in the case should not be delayed.

While the Plaintiff maintains in its responses to discovery that the information sought is protected by the Developmental Disabilities Act, 42 U.S.C. §§ 15041-45, and 45 C.F.R. § 1326.28, it now fails to demonstrate that anything in those laws provide it with a blanket evidentiary privilege to avoid discovery. The Developmental Disabilities Act citation is exceptionally broad and points to provisions that create allotments to support a protection and advocacy system, detail the allotments to be paid, and govern the creation, monitoring and administration of the system. 42 U.S.C. §§ 15041-45. The regulation at issue, 45 C.F.R. § 1326.28, requires that protection and advocacy system entities, like the Plaintiff, keep certain information, for example, pertaining to clients and the identity of individuals who report abuse, "confidential." It does not create an evidentiary privilege. *See Woods Services, Inc. v. Disability Advocates, Inc.*, 2018 WL 4932706 (E.D. Pa. Oct. 11, 2018)(holding that 45 C.F.R. § 1326.28 does not constitute an evidentiary privilege).

To the extent that the Plaintiff maintains that the information sought is protected by attorney-client privilege or attorney work product, it should produce a privilege log within 30-days of the date of this order. Boilerplate objections or blanket refusals in a response to discovery requests are insufficient to assert a privilege. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Rule 26(b)(5)(A) requires that:

ORDER ON DEFENDANT JILMA MENESES' MOTION TO COMPEL - 5

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

The Plaintiff's failure to provide a privilege log violates Rule 26(b)(5)(A). The Plaintiff fails to support its contention that a privilege log is overly burdensome. Further, it has chosen to file a large case with sweeping allegations. It is obligated to respond to discovery in accord with the rules.

To the extent the Defendant moves the Court for an order finding that the Plaintiff's assertion of privilege is waived because a privilege log was not produced within the 30-days required under Rule 34, the motion (Dkt. 123) should be denied. In determining whether to deem a privilege waived when a party has failed to produce a timely privilege log, courts in the Ninth Circuit consider the following factors:

> [1] the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient);
>
> [2] the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient);
>
> [3] the magnitude of the document production; and
>
> [4] other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard.

*Burlington* at 1149.

ORDER ON DEFENDANT JILMA MENESES' MOTION TO COMPEL - 6

Two of the *Burlington* factors favor finding that the privilege should be held as waived: the first factor, the objections and assertions of privilege made here do not enable the Defendant or the Court to determine whether each of the withheld documents are privileged and the second factor, no privilege log has been created to date.  These first two factors are not determinative here, however.  It is the last two *Burlington* factors that are most relevant in this case.  The last two factors favor finding that the privilege should not be held as having been waived:  the third *Burlington* factor, the magnitude of document production and fourth *Burlington* factor, the particular circumstances of this case make responding to discovery (for both parties) unusually hard.  There has, and continues to be, a great deal of document production.  Further, this case is somewhat unusual.  It is brought by Disability Rights Washington, an entity acting in a representative capacity.  Disability Rights Washington operates as an investigator, advocate (if necessary), and lawyer (if necessary).  Its role is somewhat blurred.  Overall, the circumstances in this case do not favor finding that the Plaintiff has waived its assertions of privilege by failing to create a privilege log at this point.

The Plaintiff should fully respond to the Defendant's discovery requests within 30-days of the date of this order, including producing a privilege log, if applicable.

**C.  EXPENSES**

Pursuant to Rule 37(a)(5)(A), if a motion to compel is granted the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorneys' fees, incurred in making the motion unless "other circumstances make an award of expenses unjust."

The Defendant's motion for an award of expenses, including attorney's fees, (Dkt. 123) should be denied without prejudice. At this point, an award of expenses would be unjust. An award of expenses may be appropriate if the Plaintiff fails to respond to the discovery at issue.

### III.  ORDER

It is **ORDERED** that:

- Defendant Jilma Meneses' Motion to Compel Plaintiff Disability Rights Washington to Participate in Discovery (Dkt. 123) **IS:**
    - **DENIED as to**:
        - the motion to deem the Plaintiff's assertion of privilege as waived because a privilege log was not produced, and
        - the motion for an award of expenses;
    - **GRANTED in all other respects:**
        - The Plaintiff **IS ORDERED** to fully respond to the Defendant's discovery requests within 30-days of the date of this order, including producing a privilege log, if applicable.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 4th day of October, 2023.

ROBERT J. BRYAN
United States District Judge