1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

| | |
|---|---|
| DISABILITY RIGHTS WASHINGTON, a nonprofit membership organization for the federally mandated Protection and Advocacy Systems,<br><br>                    Plaintiff,<br>        v.<br><br>JILMA MENESES, in her official capacity as Acting Secretary of the Washington State Department of Social and Health Services; and SUSAN BIRCH, in her official capacity as Director of the Washington State Health Care Authority,<br><br>                    Defendants. | CASE NO. 3:22-cv-05651-RJB<br><br>ORDER ON DEFENDANT JILMA MENESES'S MOTION FOR CLARIFICATION |

11
12
13
14
15
16
17
18
19
20
21
22
23
24

This matter comes before the Court on Defendant Jilma Meneses's Motion for Clarification of Protective Order.  Dkt. 186.  The Court has considered the pleadings filed regarding the motion and the remaining file.

The Plaintiff in this case seeks declaratory and injunctive relief regarding The Rainier School ("Rainier"), a state-run, residential facility for people with intellectual and developmental

disabilities.  Dkt. 83.  It contends that Rainier is a dangerous place to live and fails to provide for the health and safety of its residents.  *Id.*  The Plaintiff asserts claims for violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102, *et. seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et. seq.  Id.*

According to the Amended Complaint, the Plaintiff brings these claims in its representative capacity as the "statewide protection and advocacy system designated by the Governor of the State of Washington to protect and advocate for the legal and civil rights of those residents of this state who have disabilities" pursuant to various federal and state statutes. *Id.* at 4.

The moving party, Defendant Meneses, is the Acting Secretary of the Washington State Department of Social and Health Services ("DSHS") and is sued in her official capacity.  Dkt. 83.  The Amended Complaint asserts that Defendant Meneses is responsible for operating Rainier and other similar state-run facilities.  *Id.*

Defendant Meneses now seeks clarification of a protective order issued on September 14, 2023 (Dkt. 126).  Dkt. 168.  For the reasons decided below, the motion should be granted, in part, and denied, in part.

## I.  <u>FACTS</u>

On March 8, 2023, the Plaintiff propounded its First Interrogatories & Requests for Production to Defendant Meneses.  Dkt. 110-2 at 2-58.  Defendant Meneses responded, produced some documents (and has done so on an ongoing basis), but objected that protected health information of Rainier residents - individuals who are not plaintiffs in this lawsuit - could not be provided in discovery pursuant to RCW 70.02, *et. seq.* without those individuals' consent.  *Id.*  She provided group data responsive to the requests on the Rainier residents but

1   shielded the residents' identity.  *Id.*  As of early September 2023, Defendant Meneses had not

2   received a signed consent or authorization to release any of the Rainier residents' protected

3   health information to Disabilities Rights Washington.  Dkt. 110 at 3.

4          On September 14, 2023, this Court granted Defendant Meneses's motion for a protective

5   order regarding the Rainier residents' health information.  Dkt. 126.  The Plaintiff's disputed

6   discovery requests were "stricken without prejudice to be renoted if the proper **consents** [were]

7   given."  *Id.* (*emphasis added*).

8          Defendant Meneses provided contact information for all residents or their legal

9   guardians.  On November 30, 2023, the Plaintiff mailed each resident or guardian a packet of

10  information.  Dkt. 169-4.  The packet included:  (1) a notice by letter, which informed Rainier

11  residents (or their guardians) of this case's case number, that the notice is sent pursuant to the

12  Health Care Information Act ("HCIA"), RCW 70.02, *et. seq*., that all information produced

13  pursuant to the notice was subject to a March 28, 2023 protective order governing, in part, the

14  public disclosure of health information, and that "any protective order obtained related to release

15  of protected health information in response to the enclosed Interrogatories and Requests for

16  Production must be obtained on or before December 20, 2023," (2) a copy of Renoted

17  Interrogatories and Requests for Production to Defendant Meneses, and (3) a copy of the March

18  28, 2023 Stipulated Protective Order (governing the **public** disclosure of protected health

19  information in the case).  Dkt. 169-4 at 6-7.  The September 14, 2023 protective order (Dkt. 126)

20  was not included in the packet.

21         This notice was not sent to the Superintendent of Rainier or Defendant Meneses (the

22  healthcare providers).  Dkts. 169 and 173.  Sending that notice was required by the HCIA.  RCW

23  70.02.060(1).

24

On December 21, 2023, the Plaintiff sent Defendant Meneses "Renoted Interrogatories and Requests for Production to Defendant Meneses." Dkt. 169 at 2. These discovery requests again sought health information for Rainier residents. Dkt. 169-2. Counsel for Plaintiff also sent seven consent forms regarding the disclosure of medical information to the Plaintiff, signed on behalf of Rainier residents. *Id.;* Dkt. 169-3 at 4-10. Each of these consent forms were signed before November of 2023. Dkt. 169-3 at 4-10.

On December 26, 2023, the Court received a letter dated December 17, 2023 from Robert Doyle, purportedly the legal guardian and brother of a Rainier resident. Dkt. 166. The letter asked the Court for various kinds of relief, including admonishing Disability Rights Washington for its conduct relating to records requests, dismissal of the case with prejudice, or, if the lawsuit is permitted to continue, to join the lawsuit on behalf of his brother. *Id.*

On December 28, 2023, the Court issued an order, informing Mr. Doyle that because he is not an attorney admitted to practice before this Court, he was not permitted to move the Court for relief on behalf of his brother. Dkt. 167.

On December 28-29, 2023, Mr. Doyle exchanged emails with Defendant Meneses's lawyer. Dkt. 169 at 3; 169-5. In this email exchange, Mr. Doyle contends that he did not get a copy of the Nov. 30, 2023 notice purportedly sent by Plaintiff and does not want his brother's medical information disclosed to the Plaintiff. Dkt. 169-5 at 2.

On January 11, 2024, Defendant Meneses filed this motion, seeking clarification of the September 14, 2023 order (Dkt. 126). Dkt. 168. The Plaintiff has responded and asks that the Court clarify the September 14, 2023 order (Dkt. 126). Dkt. 170.

## II.   <u>DISCUSSION</u>

### A.  STANDARD ON MOTION FOR CLARIFICATION

1      There is no Federal Rule of Civil Procedure governing motions for clarification.  "The

2  general purpose of a motion for clarification is to explain or clarify something ambiguous or

3  vague, not to alter or amend. Motions for clarification are appropriate when parties are uncertain

4  about the scope of a ruling or when the ruling is reasonably susceptible to differing

5  interpretations."  *See Alaska Envtl. Ctr. v. Haaland*, 2023 WL 3661998, at *3 (D. Alaska May

6  25, 2023).

7  **B.  CLARIFICATION OF PROTECTIVE ORDER**

8      On September 14, 2023, Defendant Meneses's motion for a protective order regarding the

9  Rainier residents' health information was granted as to the discovery of that information without

10  their consent.  Dkt. 126.  It found that the disputed interrogatories and requests for production

11  sought health information.  *Id.* at 8.  It further found:

12      Defendant Meneses has stated good cause for a protective order regarding
     disclosure of the residents' health information without the residents' consent. She
13      has shown that the residents' privacy and health care interests are impacted.
     Similarly, the Washington State Legislature, in passing the HCIA, RCW 70.02, *et.*
14      *seq.*, was concerned that the non-consensual release of health care information –
     noting it "may do significant harm to a patient's interest in privacy, health care
15      and other interests." RCW 70.02.005(1). Further, the record indicates that there
     are at least some residents' guardians who do not want Disability Rights
16      Washington to represent them in this case. *E.g.* Dkts. 44-49; 54-55; 58-61.
     Defendant Meneses has made a sufficient showing of harm without a protective
17      order.

18  *Id.*  The order additionally noted that there was "no evidence that Plaintiff Disability Rights

19  Washington has complied with RCW 70.02.060."  *Id.*  That order held that to the extent they

20  sought health information of Rainier School residents, the disputed interrogatories and requests

21  for production were stricken without prejudice to be renoted if Disability Rights Washington

22  obtained the proper **consents** from the residents or their guardians.  *Id*. (*emphasis added*).

23

24

1    Defendant Meneses asks the Court to address four clarification questions.  The last two

2  are unnecessary to answer because they are premised on a finding that a resident's or resident's

3  guardian's consent for release of their health information is not required.  Their written consent

4  is required under the September 14, 2023 order (Dkt. 126) as is explained below in answer to the

5  first question.

6                    1.  <u>Whether the Plaintiff must provide consents for the disclosure of the residents
         health information under the September 14, 2023 order or whether the
7         Plaintiff can just send RCW 70.02.020(1) notices?</u>

8    By way of clarification, pursuant to the September 14, 2023 order (Dkt. 126), the Plaintiff

9  must have a resident or their guardian's **written consent** in order to require that Defendant

10  Meneses release health information.  The protective order was issued based on Defendant

11  Meneses's showing.  The Plaintiff's failure to comply with RCW 70.02.060 is an additional

12  ground to strike the discovery requests.

13    While the Plaintiff maintains that the residents or guardians' lack of a response to the

14  November 30, 2023 notices should be construed as a consent to their release of the information, a

15  failure to respond is not the same as affirmatively acknowledging a relinquishment of their

16  privacy rights.  This is particularly true given Defendant Meneses's showing in support of the

17  September 14, 2023 protective order (Dkt. 126) and the fact that some residents and their

18  guardians do not wish the Plaintiff to represent them and oppose the release of the residents'

19  health information to the Plaintiff.

20    Independently, the Plaintiff has again failed to comply with RCW 70.02.060.  As stated

21  in the September 14, 2023 order, under RCW 70.02.020(1), a health care provider, like

22  Defendant Meneses, "may not disclose health care information about a patient to any other

23

24

1    person without the patient's written authorization." In the context of litigation discovery,

2    Washington's HCIA further provides,

3      (1) Before service of a discovery request or compulsory process on a health care
     provider for health care information, an attorney shall provide advance notice **to
4    the health care provider** and the patient or the patient's attorney involved
     through service of process or first-class mail, indicating the health care provider
5    from whom the information is sought, what health care information is sought, and
     the date by which a protective order must be obtained to prevent the health care
6    provider from complying. Such date shall give the patient and the health care
     provider adequate time to seek a protective order, but in no event be less than
7    fourteen days since the date of service or delivery to the patient and the health
     care provider of the foregoing. Thereafter the request for discovery or compulsory
8    process shall be served on the health care provider.

9      (2) Without the written consent of the patient, the health care provider may not
     disclose the health care information sought under subsection (1) of this section if
10   the requestor has not complied with the requirements of subsection (1) of this
     section. In the absence of a protective order issued by a court of competent
11   jurisdiction forbidding compliance, the health care provider shall disclose the
     information in accordance with this chapter. In the case of compliance, the request
12   for discovery or compulsory process shall be made a part of the patient record.

13   RCW 70.02.060 (*emphasis added*). The Plaintiff did not send a notice to the Superintendent of

14   Rainier or Defendant Meneses as required under RCW 70.02.060(1).

15     In any event, the protective order (Dkt. 126), which forbids compliance with the

16   Plaintiff's renoted discovery requests, is in place unless the Plaintiff has a resident's written

17   consent for release of their health information.

18       2. <u>If Plaintiff is required to provide consents, are the seven consents Plaintiff
     provided sufficient</u>?

19

20     The Plaintiff produced seven written consents from residents' guardians for the

     disclosure of health information. Dkt. 169-3 at 4-10. Each of these documents was signed
21
     before the November 30, 2023 notices (Dkt. 163-4) regarding this litigation was sent. *Id.*
22

23     To the extent that the parties seek clarification on whether these written consents (Dkt.

24   169-3 at 4-10) are legally sufficient, the motion for clarification should be denied. The contents

ORDER ON DEFENDANT JILMA MENESES'S MOTION FOR CLARIFICATION - 7

of the required written consents were signed before the September 13, 2023 order (Dkt. 126) and the parties' request is not for clarification.  It is not properly brought as a motion for clarification and should be denied.

              3.  <u>Remaining Questions: (3) and (4)</u>

Defendant Meneses poses two remaining questions: (3) if Plaintiff is not required to provide consents, is its notice sufficient under RCW 70.02.060(1) and (4) if Plaintiff is not required to provide consents and the notice was sufficient, should the court enter a protective order for Mr. Doyle's brother.  Dkt. 168.

Both these questions are unnecessary to answer because the Plaintiff must produce a resident's or their guardian's timely written consent in order to require the production of that resident's health information in compliance with the Court's September 14, 2023 order (Dkt. 126).  The last two questions should be denied as moot.

## **<u>ORDER</u>**

It is **ORDERED** that:

- Defendant Jilma Meneses's Motion for Clarification of Protective Order (Dkt. 168): **IS GRANTED**, in part, **DENIED**, in part, and **DENIED** as moot, in part as stated above.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 25th day of January, 2024.

ROBERT J. BRYAN
United States District Judge