THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DISABILITY RIGHTS WASHINGTON, a nonprofit membership organization for the federally mandated Protection and Advocacy Systems,<br><br>Plaintiff,<br><br>v.<br><br>JILMA MENESES, in her official capacity as Acting Secretary of the Washington State Department of Social and Health Services; and SUSAN BIRCH, in her official capacity as Director of the Washington State Health Care Authority,<br><br>Defendants. | NO. 22-cv-05651 RJB<br><br>DEFENDANT MENESES'S MOTION FOR DISCOVERY SANCTIONS<br><br>NOTE FOR HEARING: March 15, 2024 |

## I. INTRODUCTION

On October 4, 2023, this Court ordered Plaintiff Disability Rights Washington (DRW) to "fully respond" to Defendant Jilma Meneses's discovery requests based on information in DRW's possession, and supplement as necessary. Dkt. # 134. Despite that order, DRW provided non-responsive, evasive, vague, and ambiguous supplemental answers to Defendant Meneses. Further, DRW has relied on responsive facts and information in its briefing to the Court that clearly should have been produced to Defendant pursuant to the Court's order, but were not. As

DEFENDANT MENESES'S
MOTION FOR DISCOVERY
SANCTIONS
-- NO. 22-CV-05651

1

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

such, DRW has violated, and continues to violate, the Court's October 4 order. Two-thirds of the discovery period has elapsed and Defendant Meneses has been seeking clarification of DRW's claims for over nine months, but DRW has provided virtually no specific information to support or clarify its extremely broad claims, resulting in substantial prejudice to Defendant's ability to understand the nature of the claims brought against it and to prepare a defense.

Since the Court ordered DRW to fully respond to Defendant Meneses's discovery requests, DRW has produced an additional twenty-nine (29) pages of responsive documents, not including the list of residents it created at Dkt. #160, Ex. 2, for a total production of 183 pages. In contrast, Defendant Meneses has produced more than 22,000 additional pages of discovery, all requiring significant review and redaction for privileged and confidential information, for a total production of 47,297 pages, and its production is ongoing. Dkt. # 123 at 3-4; Second Declaration of Joshua W Campbell (2d Decl. Campbell). This is occurring while DRW has continued to expand the scope of its own discovery requests.

Given DRW's failure to comply with the Court's October 4 order, Defendant requests the Court impose sanctions dismissing this action in whole or in part without prejudice pursuant to Fed. R. Civ. P. (Rule) 37(b)(2)(v), prohibiting DRW from using materials and information currently in its possession to support its claims unless they are specifically identified and/or produced in the manner identified in Defendant's requests within 7 days of any order entered by this Court pursuant to Rule 37(b)(2)(ii), or awarding other just relief to alleviate the substantial prejudice to Defendant Meneses caused by DRW's failure to comply with its discovery obligations and this Court's order. Finally, Defendant requests the Court order DRW to pay Defendant's fees and costs in bringing this motion and Defendant's previous Motion to Compel as required by Rule 37(b)(2)(C), given the need to, again, seek this Court's intervention in obtaining DRW's compliance with its discovery obligations in this case that DRW filed.

///

///

DEFENDANT MENESES'S
MOTION FOR DISCOVERY
SANCTIONS
-- NO. 22-CV-05651

2

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

## II. RELEVANT FACTS

**A. Defendant Meneses Moved to Compel Answers to its Discovery Requests and the Court Ordered DRW to "Fully Respond" to Those Requests Based on the Information in DRW's Possession and to Supplement as Necessary**

On September 13, 2023, Defendant Meneses moved to compel DRW to produce a privilege log satisfying Rule 26(b)(5), for an order finding that federal protection and advocacy confidentiality laws do not create an evidentiary privilege, and to compel DRW to produce specific factual information in response to Defendant Meneses's discovery requests rather than responding with vague and boilerplate answers. Dkt. # 123. In so moving, Defendant identified that its discovery requests sought for DRW to "clarify what conduct, exactly, DRW believes constitutes disability discrimination" in order to narrow the scope of this litigation, enable Defendant to conduct its own discovery into conduct DRW identified, determine whether DRW's claims are subject to dispositive motions, and prepare its defense. *Id.* Further, Defendant Meneses specifically explained that while it did not expect DRW to re-produce DSHS's own records back to Defendant, "Defendant does want DRW to identify documents in its possession relevant to aspects of its complaint," and that "DRW's assertion that . . . documents are already in Defendant's possession without further specificity does not meet its obligations to respond to interrogatories." Dkt. # 132 at 4. The Court granted Defendant Meneses's motion on October 4, 2023, ordering DRW to "fully respond" to Defendant Meneses's interrogatories, Dkt. # 134 at 8, "based on the information it currently has, and supplement if necessary," *id.* at 5.

**B. DRW's Supplemental Responses Remain Non-responsive, Evasive, Vague, and Ambiguous in Violation of the Court's Order, and DRW failed to Specifically Identify Responsive Documents**

On November 3 and 8, 2023, DRW provided two sets of supplemental responses to Defendant Meneses's requests, and has not supplemented its discovery to Defendant Meneses since. 2d Decl. Campbell. DRW's supplemental responses largely continue to paint vague and sweeping allegations absent any specific, factual information, contrary to this Court's order. In doing so, DRW has also failed to specifically identify any responsive documents or information

DEFENDANT MENESES'S MOTION FOR DISCOVERY SANCTIONS -- NO. 22-CV-05651

3

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

in DRW's possession; failed to identify any specific people with relevant knowledge or explain what knowledge they have; and asserted that relevant documents, facts, and witnesses are "known to Defendant" or are already in Defendant Meneses's possession. *See generally* Dkt. # 138, Ex. A.

For example, DRW broadly stated that "pursuant to statements made by Defendant's counsel in [Dkt. # 132] . . . DRW will not produce the Defendants' own records or records known to be in Defendant's possession. . . ." Dkt. # 138, Ex. A at 6. However, what Defendant stated was that, while Defendant Meneses does not need its own records re-produced back to it, "Defendant does want DRW to identify documents in its possession relevant to aspects of its complaint . . . [A]sking DRW to identify relevant documents in its possession is fully within the scope of Rule 33, and DRW's assertion that those documents are already in Defendant's possession without further specificity does not meet its obligations to respond to interrogatories." Dkt. # 132 at 4. DRW failed to identify any specific documents in its possession save the few included in its own pleadings. *See generally* Dkt. # 138, Ex. A.

In addition, Defendant's Interrogatory 1 asks DRW to "identify any person having knowledge of facts asserted or allegations made in the Complaint" and for a "summary of each matter known by that person." *Id.*, Ex. A at 6. In supplementing its answer following the Court's October 4 order, DRW merely cross-referenced the parties' initial disclosures and provided a "Resident & Guardian List" stating that all listed individuals "may have knowledge regarding the allegations set forth in Plaintiff' [sic] First Amended Complaint and Defendants' Answers thereto." *Id.*, Ex. A at 8. DRW provided no "summary of each matter known by that person" nor any information about how the knowledge of any individual relates to the allegations DRW is making in this case.

Similarly, Interrogatory 2 asks DRW to "identify any and all statements, whether written or oral, from any witness regarding the facts asserted or allegations made in the complaint, including the identity of the witness, the date on which each statement was taken, and the

DEFENDANT MENESES'S
MOTION FOR DISCOVERY
SANCTIONS
-- NO. 22-CV-05651

4

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

substance of the statement, including all facts, allegations, and discoverable matters discussed by the person." *Id.*, Ex. A at 9. In supplementing its response, DRW merely cited to statements it has already filed with the Court, "[i]n addition to other documents in the possession of and/or readily available to the Defendant Meneses. . . ." *Id.*, Ex. A at 9. Finally, DRW's supplemental responses identify that statements "have been made by the individuals identified in the Rainier Resident & Guardian List provided herewith", but it provides no further clarification of who made those statements or what they were, when they were made, etc., in the manner requested.

In addition, Interrogatory 3 asks DRW to "state with particularity how Defendants' staffing of Rainier School denies DRW constituents the care they require, harms DRW constituents, puts DRW constituents at risk of harm, or otherwise discriminates against DRW constituents." *Id.*, Ex. A at 15. DRW's supplemental response merely refers to the expert report already filed with the court and provides generalized allegations without any specific examples or factual evidence.

Similarly, Interrogatory 4 asks DRW to "state with particularity the alleged 'deficient practice that harm or create risk of harm to residents' including a detailed description of the risk or risk of harm to DRW constituents." *Id.*, Ex. A at pp. 18-19. Again, DRW simply referred back to its complaint, with a generalized allegation that Rainier School has "failed to meet residents' health and safety needs; failed to provide adequate or reasonable care; and has placed residents at risk of harm" without identifying with any specificity those health and safety needs, instances of failure to provide adequate or reasonable care, or the risk of harm residents are exposed to. *Id.*

Further, Interrogatory 5 asks DRW to "state with particularity how Defendants' alleged oversight of Rainier School . . . 'poses risk to residents' and identify the risk posed to DRW constituents." *Id.*, Ex. A at 19. Again, DRW simply references the general allegations in its complaint, makes a number of new allegations, such as that Klamath Cottage "poses a particular risk to Klamath residents' health and safety because allegations of abuse and neglect are not

DEFENDANT MENESES'S
MOTION FOR DISCOVERY
SANCTIONS
-- NO. 22-CV-05651

5

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

processed the same as they would be for other residents of Rainier School," without articulating any specific risk or identifying how DRW believes claims are processed differently.

Similarly, Interrogatory 6 asks DRW to "identify every DRW constituent known to you who has allegedly been discriminated against on the basis of their disability by Defendants and state with particularity every instance of discrimination . . . relevant to the allegations in the Complaint," to which DRW again responded by making broad allegations, answering merely "every instance in which a DDA client has been placed at Rainier School . . . because no other available appropriate residential placement funded and/or operated by Defendant's existed…" and "every incidence in which a resident has been forced to stay at Rainier School following a request for an alternative placement." *Id.*, Ex. A at 23-24. DRW again refuses to supply information regarding any specific occurrence of a person being denied alternative placement or forced to stay at Rainier, instead broadly responding that "[t]he identity of all Rainier residents who have remained at Rainier following a request for transfer from Rainier School to another comparable community based or facility based setting is known to Defendants." *Id.*, Ex. A at 25.

This trend continues throughout DRW's supplemental answers; the deficiencies are too numerous to specifically cite within the word limit. *See generally, Id.*, Ex. A.

Finally, to the extent DRW did identify documents, they comprise only DRW's summaries of its own investigations without any of the underlying evidence or factual information DRW obtained or relied upon in creating them (to the extent any exists), and a single news article. *See* 2nd Decl. Campbell, Ex. A.

**C.     DRW Uses Information and Evidence in Response to Motions that Should Have Been Provided to Defendant Meneses but Has Never Been Supplemented**

Based on the belief that DRW's supplemental responses contained all responsive factual information in its possession as DRW was ordered to provide, Defendants jointly moved for summary judgment. Dkt. # 136. In responding to that motion, DRW relied on clearly responsive information that it failed to produce in its supplemental discovery answers despite that

DEFENDANT MENESES'S
MOTION FOR DISCOVERY
SANCTIONS
-- NO. 22-CV-05651

6

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

information being in its possession at the time the Court ordered its production. *Compare* Dkt. # 134 *and* Dkt. # 138, Ex. A at 21–26 (asking DRW to identify every constituent known to DRW who has allegedly been discriminated against on the basis of disability and to state with particularity every instance of discrimination) *with* Dkt. # 147 at ¶¶ 17–19 (containing the identity of an individual responsive to Defendant Meneses's Interrogatory 6 along with specific facts regarding alleged discrimination he has suffered that was not previously identified).

According to Dkt. # 147 at ¶ 19, DRW obtained that information in August, 2023, months before the Court ordered it to fully respond to Defendant Meneses's discovery requests, yet it failed to identify it in its supplemental responses and then relied on it in briefing. Dkt. # 138, Ex. A at pp. 21–26; Dkt. # 147. Additionally, in responding to Defendants' Motion for Summary Judgment, DRW filed the Fourth Declaration of Chloe Merino, Dkt. # 145, describing a monitoring visit she conducted on November 28, 2023, another monitoring she conducted on June 17, 2023, with Sue Gant and Sarah Eaton, and a July 13, 2023, incident report DRW obtained through its investigative authority. DRW has not supplemented its responses to Defendant Meneses to include this or any other responsive information obtained through those visits or investigations.

Additionally, in filing its surreply to the same motion, DRW filed the Fifth Declaration of Chloe Merino, Dkt. # 160, describing the investigation DRW was conducting in April 2023 with respect to S.H. and asserting that S.H.'s guardians, M.H. and K.H., were identified to Defendant Meneses in one of DRW's supplemental productions. Dkt. # 160 at ¶¶ 3-5. However, DRW's response in discovery identified only boilerplate language that the guardians had, "Knowledge of their ward's experience, services, and potential abuse/neglect at Rainier School," and that all such information was "Not discoverable – attorney client privilege," Dkt. # 160 at Ex. 2, whereas DRW's briefing described specific incidents.

///

///

DEFENDANT MENESES'S
MOTION FOR DISCOVERY
SANCTIONS
-- NO. 22-CV-05651

7

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

**D. DRW has Authority to Investigate and Obtain Information from Defendants Outside of Discovery, and Defendant Regularly Provides Such Information to DRW—It Does Not Need Active Litigation to Investigate Rainier School, Obtain Documents about its Operation, or Speak to its Residents**

In addition to DRW's ability to communicate with its own constituents, DRW can obtain information and documents about Defendants and Rainier School without discovery and active litigation. First, DRW can make public records requests under Wash. Rev. Code chapter 42.56. Second, DRW has unique authority to obtain information, including otherwise-protected information in some circumstances, under its federal authority as the protection and advocacy agency in Washington. *See* 42 U.S.C. § 15043. *See also* Dkt. #s 112, 145, 160. Defendant Meneses regularly provides such information in response to DRW's requests. Dkt. # 112.

### III. LEGAL STANDARD

Where a party disobeys a discovery order issued under Rule 26(f), 35, or 37(a), the Court may order further just orders, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," and "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(ii), (v). "There is not a meet-and-confer requirement when a party files a motion for sanctions under 37(b)." *Reese v. Bryan*, 2022 WL 1265848 at *1 (D. Nevada) (*citing Acosta v. Austin Elec. Servs. LLC*, 325 F.R.D. 322, 325 (D. Ariz. 2018)). Nor do the local rules require parties to meet and confer when pursuing sanctions under Rule 37(b). *See generally* LCR 37.[1]

### IV. ARGUMENT

In response to this Court's October 4 order compelling DRW to "fully respond" to Defendant Meneses's discovery requests, DRW provided a number of non-responsive, evasive,

---

[1] While it is not necessary to meet and confer prior to filing a motion under Rule 37(b), after the Court denied Defendants' Motion for Summary Judgment on December 12, 2023 (*see* Dkt. # 165), Defendant Meneses was aware DRW intended to supplement discovery responses it owed to co-Defendant Sue Birch by early 2024, and waited to bring this motion to determine whether those responses indicated DRW intended to comply with its discovery obligations or this Court's order. Those responses contain largely the same non-responsive, vague references and generalizations as DRW's November 2023 productions to Defendant Meneses. 2d Decl. Campbell.

DEFENDANT MENESES'S
MOTION FOR DISCOVERY
SANCTIONS
-- NO. 22-CV-05651

8

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

vague, and ambiguous answers to Defendant Meneses. Based on DRW's supplemental responses, Defendants moved for summary judgment. In responding to that motion, DRW relied on clearly responsive information and documents that it failed to produce or identify to Defendant Meneses that, according to its own filings, were in its possession at the time it submitted its supplemental responses. Given this and DRW's evasive supplemental responses, Defendant Meneses is concerned DRW intends to continue to withhold responsive information it intends to use in this case until after the close of discovery, at which point it will be too late for Defendant to conduct its own discovery into any such information, and which this Court has already ordered that DRW cannot do. Dkt. #s 132, 134 at 4–5. ("The Plaintiff's answers are boilerplate and overbroad . . . To the extent that some of the interrogatories could be considered 'contention interrogatories,' and to the extent Plaintiff asserts they can't be fully answered until discovery is complete, the Plaintiff should be ordered to respond based on the information it currently has, and supplement if necessary.").

DRW's supplemental answers violate the Court's order of October 4 and warrant sanctions under Rule 37(b). "The purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Nat'l Acad. of Recording Arts & Sci., Inc. v. On Point Events LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009). A party does not meet their discovery obligations if they "inadequately, inaccurately or incompletely respond[] to a discovery request." *Becker v. Kikitagruk Inupiat Corporation*, 2009 WL 10705060 at *1 (D. Alaska). Rather, "[p]arties must provide true, explicit, responsive, complete, and candid answers to interrogatories." *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Penn. 1996). If a party cannot provide a candid and complete answer, that party must explain "truthfully, fully and completely why they cannot respond. Gamesmanship to evade answering . . . is not allowed." *Fisher v. Baltimore Life Ins. Co.*, 235 F.R.D. 617, 622 (N.D. W. Va. 2006). DRW's supplemental answers violate this standard and the Court's October 4 order in multiple ways.

DEFENDANT MENESES'S
MOTION FOR DISCOVERY
SANCTIONS
-- NO. 22-CV-05651

9

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

A.  **DRW's Vague References and General Assertions that Documents are Already in Defendant Meneses's Possession are Non-Responsive**

A party may not respond to a request for production or an interrogatory by providing vague references to documents, but must rather "adequately and precisely specif[y] . . . the actual documents where information will be found . . . vague references to documents do not suffice." *SEC v. Elfindepan*, 206 F.R.D. 574, 576 (M.D.N.C. 2002). Documents must be described "in sufficient detail to permit the interrogating party to locate and identify . . . the records from which the answer may be obtained." *Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983). If a party lacks documentation necessary to respond to a request for production or an interrogatory, they must state they "cannot furnish the information and details [and] . . . set forth in detail the efforts made to obtain the information." *Budget Rent-A-Car of Missouri v. Hertz Corp.*, 55 F.R.D. 354, 357 (W.D. Mo. 1972).

Nor can a party respond to a discovery request on the ground that documents or information are in the possession of the requesting party, or that more information will be available after further discovery. *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D 677, 689 (D. Kan. 2004). A "party is required to state under oath that it possesses or does not possess the requested documentation based on the party's present knowledge, information or belief and may supplement its answers if relevant information is obtained at a later date." *Becker*, 2009 WL 10705060 at *2.

DRW's supplemental statement that it "will not produce Defendant's own records or records known to be in Defendants' possession" without specifically identifying those documents violates its discovery obligations. Dkt. # 138, Ex. A at 6. This violation is especially egregious in light of clarification contained in Defendant Meneses's motion briefing, filed before the Court issued its October 4 order, stating that while Defendant Meneses does not need documents in its possession to be reproduced to it, "Defendant does want DRW to identify documents in its possession relevant to aspects of its complaint." Dkt. # 132 at 4.

DEFENDANT MENESES'S
MOTION FOR DISCOVERY
SANCTIONS
-- NO. 22-CV-05651

10

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

1  To fully respond to Defendant's interrogatories and requests for production, DRW was required to specifically identify each and every responsive document in its possession in the manner requested by Defendant Meneses and as ordered by this Court, whether obtained through its own investigations or discovery, and whether in Defendant's possession or not, or to state that it has no supporting documentation to produce, but it failed to do either. Dkt. # 138, Ex. A; 2d Decl. Campbell, Ex. A. DRW's failure to specifically identify documents in its possession or state it does not have responsive documents is non-responsive and violates the Court's order.

**B.  DRW's Vague References to its Complaint, Assertions that Requested Information "is known" to Defendant Meneses, and its Continued Allegations Absent Identification of Specific Facts, Events, Individuals Possessing Relevant Knowledge, and the Subject of their Knowledge, are also Non-Responsive**

Responses to interrogatories and requests for production are insufficient "if they fail to supply facts which were omitted from the complaint, and if they neither clarify nor narrow the broad issues posed by the complaint." *Rickles, Inc. v. Frances Denny Corp.*, 508 F. Supp. 4, 7 (D. Mass. 1980). Answers that "merely restat[e] the allegations of the complaint" are non-responsive. *Id.* at 7.

DRW's responses to Defendant Meneses's interrogatories 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, and associated requests for production are all non-responsive insofar as they fail to supply facts or to clarify or narrow the broad issues posed by the complaint, and merely assert new allegations absent any identification or production of specific facts, events, people, or documents. *See, e.g., supra* Part II(B); Dkt. # 138, Ex. A; 2d Decl. Campbell, Ex. A.

They are also non-responsive to the extent they assert that Defendant Meneses knows who DRW believes has been discriminated against or harmed so DRW is not required to articulate that. *See, e.g.*, response to Interrogatory 14, *id.*, Ex. A at 33 (indicating the identities of individuals who are or were "'confined in an institutional setting that does not provide the same quality of service as other facility or community-based settings that provide the equivalent level of care' are known to Defendant Meneses."). Defendant Meneses has denied that anyone

DEFENDANT MENESES'S
MOTION FOR DISCOVERY
SANCTIONS
-- NO. 22-CV-05651

11

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

has been discriminated against or confined at Rainier School, so does not know who DRW is referring to. It is up to DRW to identify events, individuals, and documents relevant to its case and provide them, with specificity, to Defendant Meneses in discovery. It is not up to Defendant Meneses to guess what DRW may have or use to support the sweeping claims it brought.

Similarly, DRW's supplemental responses to Interrogatories 1, 2, 4, 5, 7, 8, 9, 10, 11, 12, 13, and 14, and associated requests for production, are all non-responsive to the extent they merely cite to DRW's complaint without providing any specific responsive events, individuals, or documents to clarify the allegations. *See, e.g., supra* Part II(B); Dkt. # 138, Ex. A at pp. 6–34; Decl. Campbell, Ex. A.

DRW's failure to identify documents supporting its claims, other than its own conclusory publications and letters, and DRW's failure to provide any specifics regarding facts, individuals, or documents relevant to its claims as requested by Defendant Meneses violate DRW's discovery obligations and the Court's October 4 order. Therefore, Defendant Meneses respectfully requests the following relief.

## V.  REQUEST FOR RELIEF

Given DRW's continued inability or refusal to participate in discovery, Defendant Meneses requests the Court dismiss this action without prejudice pursuant to Rule 37(b)(2)(A)(v). DRW has authority to investigate alleged abuse and neglect, to obtain non-privileged records through the Public Records Act, and speak with its own constituents outside of active litigation. *See supra* Part (II)(D). DRW does not need active litigation to investigate or obtain records about Rainier School or other DDA-operated facilities. Therefore, dismissal without prejudice would benefit both parties and the Court by allowing DRW to refile this case at such time as it is able to identify specific facts that support its sweeping allegations in compliance with its discovery obligations, while saving both the Court's and Defendants' resources that are necessarily expended by the existence of pending litigation.

///

DEFENDANT MENESES'S
MOTION FOR DISCOVERY
SANCTIONS
-- NO. 22-CV-05651

12

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

Alternatively, Defendant Menses requests the Court order DRW to specifically identify any and all information, witnesses, and documents in its possession in the manner requested in Defendant Meneses's interrogatories within 7 days of any order entered by this Court, given that: discovery has been occurring for more than a year; that Defendant Meneses has already produced almost 50,000 pages of records to DRW; that DRW has identified almost nothing to specifically support its wide-ranging allegations; that Defendant Meneses has been waiting for DRW to clarify its claims for over nine months; and that approximately only six months of discovery remain, severely limiting the time available to Defendant Meneses to conduct discovery into any incidents, documents, or people DRW may now identify as relevant to its claims and prepare its defense. In addition, Defendant Meneses requests that if responsive information, documents, and people are not ***specifically*** identified within that timeframe in the manner Defendant requested and as already ordered by the Court, the Court order DRW be prohibited from using any responsive information or records in its possession in any future pleadings, hearings, or at trial, in accordance with Rule 37(b)(2)(A)(ii). *See also* Rule 37(c).

In addition, Defendant Meneses requests that the Court order DRW to pay Defendants' costs and fees as required by Rule 37(b)(2)(C), and/or any other relief that the Court determines is just and proper in order to obtain DRW's compliance with its discovery obligations.

DATED this 29th day of February, 2024.

ROBERT W. FERGUSON
Attorney General

/s/ Joshua W. Campbell

KATHRYN KRIEGER, WSBA No. 47037
MARKO PAVELA, WSBA No. 49160
JOSHUA W. CAMPBELL, WSBA No. 51251
Assistant Attorneys General
Attorneys for Defendant Jilma Meneses
Email: Kathryn.Krieger@atg.wa.gov
       Marko.Pavela@atg.wa.gov
       Joshua.Campbell@atg.wa.gov

**CERTIFICATE OF SERVICE**

I certify that on the date indicated below, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

<u>Disability Rights Washington</u>   Co-Attorneys for Plaintiff

| Beth Leonard | bethl@dr-wa.org |
| Todd Carlisle | toddc@dr-wa.org |
| Chloe Merino | Chloem@dr-wa.org |

<u>Pfau Cochran Vertetis Amala</u>   Co-Attorneys for Plaintiff

| Darrell Cochran | darrell@pcvalaw.com |
| Ian Bauer | ibauer@pcvalaw.com |
| Patrick Brown | pbrown@pcvalaw.com |
| Alexander Dietz | adietz@pcvalaw.com |

<u>Attorney General's Office</u>   Attorneys for Defendant Susan Birch

| Nissa Iversen | Nissa.Iversen@atg.wa.gov |
| Anthony Vaupel | Anthony.Vaupel@atg.wa.gov |
| Michael Tunnick | Michael.Tunnick@atg.wa.gov |

I certify under the penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

EXECUTED this 29th day of February, 2024, at Tumwater, Washington.

/s/ Joshua W. Campbell
JOSHUA W. CAMPBELL, AAG