UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DISABILITY RIGHTS WASHINGTON, a nonprofit membership organization for the federally mandated Protection and Advocacy Systems, <br><br>                    Plaintiff, <br>     v. <br><br> JILMA MENESES, in her official capacity as Acting Secretary of the Washington State Department of Social and Health Services; and SUSAN BIRCH, in her official capacity as Director of the Washington State Health Care Authority, <br><br>                    Defendants. | CASE NO. 3:22-cv-05651-RJB <br><br> ORDER ON DEFENDANT JILMA MENESES'S MOTION FOR DISCOVERY SANCTION |

This matter comes before the Court on Defendant Jilma Meneses's Motion for Discovery Sanction. Dkt. 175. The Court has considered the pleadings filed regarding the motion and the remaining file. For the reasons provided below, the motion (Dkt. 175) should be denied.

**I.   FACTS**

ORDER ON DEFENDANT JILMA MENESES'S MOTION FOR DISCOVERY SANCTION - 1

1    The Plaintiff in this case seeks declaratory and injunctive relief regarding The Rainier
2 School ("Rainier"), a state-run, residential facility for people with intellectual and developmental
3 disabilities. Dkt. 83.  It contends that it is a dangerous place to live and fails to provide for the
4 health and safety of its residents.  *Id*.  The Plaintiff brings claims for violations of Title II of the
5 Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102, *et. seq*., and the Rehabilitation
6 Act ("RA"), 29 U.S.C. § 701, *et. seq*.  *Id*.  In addition to declaratory and injunctive relief, it seeks
7 attorneys' fees and costs.  *Id*.

8    The moving party, Defendant Meneses, is the Acting Secretary of the Washington State
9 Department of Social and Health Services ("DSHS") and is sued in her official capacity.  Dkt.
10 83.  The Amended Complaint asserts that Defendant Meneses is responsible for operating
11 Rainier and other similar state-run facilities.  *Id.*

12    Defendant Meneses propounded 15 interrogatories and five requests for production to the
13 Plaintiff on May 23, 2023.  Dkt. 124 at 1.  She received responses on June 22, 2023 and on June
14 23, 2023.  Dkt. 124-1 and 124-2.  The Plaintiff did not produce a privilege log (Dkt. 124 at 1)
15 despite asserting in several of its discovery responses that the information sought was protected
16 by attorney client privilege or attorney work product (*See e.g.* Response to Interrogatories No. 2-
17 15, Requests for Production No. 1-5; Dkt. 124-1 at 7-16).  The Plaintiff also responded that the
18 information sought was confidential under federal law, citing the Developmental Disabilities
19 Act, 42 U.S.C. §§ 15041-45 and 45 C.F.R. § 1326.28.  *See e.g.* Response to Interrogatories No.
20 2, 6, 7, and 10-13; and Response to Requests for Production Nos. 1-3; Dkt. 124-1 at 8, 10-16.

21    As required under Fed. R. Civ. P. 37, the parties met and conferred regarding the
22 Defendant Meneses's complaints about the provided discovery on August 9, 2023.  Dkt. 124 at

ORDER ON DEFENDANT JILMA MENESES'S MOTION FOR DISCOVERY SANCTION - 2

1  2. They were unable to resolve the issues and Defendant Meneses filed a motion to compel.
2  Dkt. 123.

3  On October 4, 2023, Defendant Meneses's motion to compel (Dkt. 123) was denied as to
4  her motion to deem the Plaintiff's assertion of privilege as waived because a privilege log was
5  not produced, denied as to her motion for an award of expenses, and granted in all other respects.
6  Dkt. 134. The Plaintiff was ordered to fully respond to Defendant Meneses's discovery requests
7  within 30-days of the order, including producing a privileged log, if applicable. *Id.*

8  On November 3, 2023, the Plaintiff produced its second supplemental responses to
9  Defendant Meneses's discovery, including additional answers to interrogatories. Dkt. 138 at 7-
10 55 and 176. On November 8, 2023, the Plaintiff produced its third supplemental responses. Dkt.
11 176. It also produced a privilege log and a "Rainer Resident and Guardian Chart" (Dkt. 161 at 5-
12 8) and 29 pages of documents (Dkt. 176-1). Dkts. 160 at 2 and 176 at 1-2.

13 On February 29, 2024, Defendant Meneses filed the instant Motion for Discovery
14 Sanction. Dkt. 175. She contends that Plaintiff's supplemental answers are again non-
15 responsive, evasive, vague, and ambiguous. *Id.* Defendant Meneses asserts that the Plaintiff
16 relied on documents in briefing relating to another motion that the Plaintiff clearly should have
17 produced pursuant to the Court's October 4, 2023 order and did not produce it. *Id.* As a
18 sanction, Defendant Meneses moves the Court to (1) dismiss the case, in whole or in part, (2)
19 prohibit the Plaintiff from using materials currently in its possession to support its claims unless
20 it specifies and/or produces that material within seven days of the date of the order, or (3) award
21 other just relief. *Id.* Defendant Meneses also seeks an award of attorneys' fees and costs. *Id.*

22 On March 7, 2024, after the motion was filed, Defendant Meneses requested that the
23 parties meet and confer about certain aspects of Plaintiff's supplemental discovery responses

24

(like the privilege log); that request does not appear to relate to the issues raised in the instant motion, however. Dkt. 181 at 88-90.

On March 8, 2024, the Plaintiff sent additional discovery, including updates to the "Rainier Resident and Guardian List" (Dkt. 181 at 84), a declaration from the Plaintiff's expert (Dkt. 181 at 6), a updated privilege log (Dkt. 181 at 85-86), and its Fourth Supplemental Responses to Defendant Meneses's First Interrogatories and Requests for Production (Dkt. 181 at 39-80). The Plaintiff also contends that it sent a "list of documents Plaintiff has received since 2018 that are in [Defendant Meneses's] possession" which are responsive to some of the interrogatories. Dkt. 181 at 6.

The Plaintiff filed a response to the Motion for Discovery Sanctions on March 11, 2023 (Dkt. 179) and due to a filing error had to refile it on March 13, 2024 (Dkt. 181 at 91-105). It opposes the motion, arguing that the motion should be denied because there was a failure to meet and confer as required under Fed. R. Civ. P. 37(a)(1), and that its supplemental responses were adequate, so no violation of the October 4, 2023 order compelling discovery occurred. Dkt. 181 at 91-105. Defendant Meneses filed a reply (Dkt. 182) and the motion is ripe for consideration.

## II. DISCUSSION

### A. MOTION FOR DISMISSAL AS A SANCTION

District courts have considerable discretion to impose the "extreme" sanction of dismissal where there has been a "flagrant, bad faith disregard of discovery duties." *Wanderer v. Johnston*, 910 F.2d 652, 655 (9th Cir. 1990)

There has been no showing that the Plaintiff has, in bad faith, disregarded its discovery duties. While its supplemental answers are at times somewhat vague and difficult to follow, certain of the objections were also well taken because many of the questions were overly broad.

There are no grounds for the Court to impose the extreme sanction of dismissal of the case or dismissal of certain claims.

### B. MOTION TO COMPEL AS A SANCTION AND MEET AND CONFER

As an alternative form of relief, Defendant Meneses moves to compel more complete answers to her discovery. To the extent that Defendant Meneses seeks to compel more complete answers to her interrogatories, Fed. R. Civ. P. 37(a)(1) and Local Rule for Western District of Washington ("Local Rule") 37(a)(1)'s meet and confer requirements must be met. Fed. R. Civ. P. 37(a)(1), "Motion for Order Compelling Disclosure or Discovery," provides,

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Local Rule 37(a)(1) additionally provides:

> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration of affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to made disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. . .

The parties did not meet and confer regarding the alleged deficiencies in the Plaintiff's supplemental responses. They have not been fulfilled and so the motion to compel should be denied without prejudice. While the Plaintiff's responses may need clarification, it is not clear that the Plaintiff's responses were so deficient as to merit sanctions.

Defendant Meneses cites two cases, *Acosta v. Austin Elec. Servs. LLC*, 325 F.R.D. 322 (D. Ariz. 2018) and *Reese v. Bryan*, 2022 WL 1265848 (D. Nev. Apr. 27, 2022) for the proposition that where a party seeks sanctions to enforce an order compelling discovery under

ORDER ON DEFENDANT JILMA MENESES'S MOTION FOR DISCOVERY SANCTION - 5

Fed. R. Civ. P. 37(b), there is no need to fulfill the meet and confer requirements of Fed. R. Civ. P. 37(a)(1). In both *Acosta* and *Reese*, the responding party did not provide the discovery ordered. Here, in contrast, the Plaintiff supplemented its responses, sometimes multiple times. Further, discovery is ongoing. There is no evidence that the Plaintiff willfully disregarded the Court's order.

### C. MOTION FOR OTHER JUST RELIEF, ATTORNEYS' FEES AND ADDITIONAL CONCERNS

Defendant Meneses has not shown that the Plaintiff's supplemental responses to her discovery requests were so deficient to entitle her to "other just relief" as a sanction. The motion for "other just relief" as a sanction should be denied. Likewise, the motion for an award of attorneys' fees for having to file the motion should also be denied. All requested relief has been denied.

On a further note, the parties should be aware that generally, the questions asked are somewhat overbroad (*See* Interrogatories 1-2 for example) and the answers vague. Neither side is demonstrating a clear view, in discovery responses, on what the case is about. The voluminous discovery paperwork filed by both sides indicates the following: By Interrogatories, Defendant Meneses is requesting a full recital of Plaintiff's witnesses, contentions, and facts in support of Plaintiff's case. Plaintiff has attempted to respond. The Court is faced by Defendant Meneses's Motion for Discovery Sanction (Dkt. 175) with the task of gathering the necessary paperwork on each discovery request, and determining whether any of Plaintiff's objections apply, whether the various responses are responsive, and, if not, what sanctions may be appropriate. As presented, this is a monumental task and is, arguably, a presentation of the whole case to be resolved by discovery sanctions. It should be noted that if proper discovery has failed, specific items of evidence may be rejected, and claims may be rejected. The Court

ORDER ON DEFENDANT JILMA MENESES'S MOTION FOR DISCOVERY SANCTION - 6

declines to address the myriad of issues presented. All parties should carefully consider discovery requests and responses, and should supplement responses as necessary. This case is already some 18 months old with trial approximately nine months away. The details of Plaintiff's case remain unclear. All parties should be concerned about the admissibility of evidence and claims. In the interval between now and trial, much remains to be done. The current status of the Defendant Meneses's Interrogatories and Plaintiff's responses (Dkt. 181 at 39-82) will remain on file with no changes.

### III. ORDER

It is **ORDERED** that:

- Defendant Jilma Meneses's Motion for Discovery Sanction (Dkt. 175) **IS DENIED WITHOUT PREJUDICE** to the extent the motion seeks to compel discovery and **DENIED IN ALL OTHER RESPECTS.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 19th day of March, 2024.

ROBERT J. BRYAN
United States District Judge